Luciano SANCHEZ–LOPEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70684.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Colette J. Winston, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM [**]

Luciano Sanchez–Lopez, native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal for failure to establish ten years of continuous physical presence in the United States. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's determination of statutory eligibility, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002), and we review for substantial evidence the BIA's findings of fact, *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003), *amended by* 339 F.3d 1012 (9th Cir.2003). We deny the petition.

Sanchez–Lopez contends that the documentary and testimonial evidence in the record establish that he met the ten-year continuous presence requirement for cancellation of removal.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the

Although the record supports petitioner's assertion that his trips to Mexico did not exceed 90 days or an aggregate of 180 days during the relevant ten-year period, *see* 8 U.S.C. § 1229b(d)(2), substantial evidence supports the BIA's denial of relief because Sanchez–Lopez did not demonstrate that he was continuously present in the United States between September 1988 and October 1990 during the relevant ten-year period, *see* 8 U.S.C. § 1229b(b)(1)(A).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**